IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TROY UNDERWOOD, TRANSCEND TECHNOLOGIES GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BENEFIT EXPRESS SERVICES, LLC; LLR EQUITY PARTNERS IV, L.P.; LLR EQUITY PARTNERS PARALLEL IV, L.P.; MICHAEL STERNKLAR; SCOTT EVANS, <br><br> Defendants. | C.A. No. 18-347-RGA |
| BENEFIT EXPRESS SERVICES, LLC, <br><br> Defendant/Counterclaim-Plaintiff, <br><br> v. <br><br> TROY UNDERWOOD, TRANSCEND TECHNOLOGIES GROUP, INC. <br><br> Plaintiff/Counterclaim-Defendants. | |

## Memorandum

Presently before this Court is Plaintiffs' Motion for Leave to File Second Amended Complaint. (D.I. 58). For the reasons to follow, the Court will GRANT Plaintiffs' Motion.

### I. Background

Plaintiffs Troy Underwoood and Transcend Technologies Group, Inc. moved for leave to file a second amended complaint against LLR Equity Partners IV, L.P., LLR Equity Partners Parallel IV, L.P. (collectively, "LLR"), Benefit Express Services, LLC, Michael Sternklar, and Scott Evans. (D.I. 58).

1

This suit originated out of an August 4, 2016 Asset Purchase Agreement through which Plaintiffs sold the assets of their company, BenefitsCONNECT, to Benefit Express. (D.I. 1). On March 5, 2018, Plaintiffs filed their original complaint against Benefit Express for breach of the Asset Purchase Agreement and breach of the implied covenant of good faith and fair dealing. (*Id.*). Benefit Express responded to the two-count complaint with its Answer and Counterclaims on April 30, 2018. (D.I. 7).

On May 21, 2018, Plaintiffs filed a First Amended Complaint against Defendants. (D.I. 15). In the First Amended Complaint, Plaintiffs alleged five causes of action: fraud and negligent misrepresentation against Benefit Express and Mr. Sternklar (*id.* at ¶¶ 75-81, 87-91 (Counts I and III)); aiding and abetting fraud against LLR and Mr. Evans (*id.* at ¶¶ 82-86 (Count II)); and breach of contract and breach of the covenant of good faith and fair dealing against Benefit Express (*id.* at ¶¶ 92-98, 99-105 (Counts IV and V)).

On June 25, 2018, Defendants filed a motion to dismiss the first, second, and third counts. (D.I. 24). On December 28, 2018, Chief Magistrate Judge Thynge issued a Report and Recommendation that recommended denying dismissal of Counts I and III (fraud and negligent misrepresentation against Benefit Express and Mr. Sternklar) and granting dismissal as to Count II (aiding and abetting fraud against LLR and Mr. Evans). (D.I. 49 at 13). I adopted the Report and Recommendation on March 5, 2019. (D.I. 65). On February 6, 2019, Plaintiffs filed the motion at issue to include additional allegations in support of their claims, to re-assert their aiding and abetting claims against LLR and Mr. Evans, and to add a sixth cause of action: tortious interference with contract against LLR (D.I. 58-2 at ¶¶ 119-25 (Count VI)).

## II. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides: "A party may amend its pleading once as a matter of course" within specified time frames during the early stages of a case. A party seeking to amend after the specified deadlines or more than once may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "should [be] freely give[n] . . . when justice so requires." *Id.* The decision to grant or deny leave to amend lies within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a generous approach to the amendment of pleadings. *Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of "undue delay, bad faith, or dilatory motive on the part of the movant," the leave sought should be "freely given" unless it is futile or unfairly prejudicial to the non-moving party. *Foman*, 371 U.S. at 182; *see also Burlington*, 114 F.3d at 1434.

## III. Discussion

Plaintiffs argue, "Documents produced by Defendants on or about January 18, 2019, revealed certain information that further supports Plaintiffs' claims and provides bases for an additional claim for Tortious Interference against Defendants LLR, Sternklar, and Evans." (D.I. 58 at ¶ 6). Plaintiffs seek leave to file a second amended complaint that reflects this newly discovered information.

The factors to consider in weighing a motion for leave to amend are: "(1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4)

3

whether the amendment is futile." *Cot'n Wash Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 620 (D. Del. 2014).

Defendants in this case do not attempt to argue that they would be prejudiced by the proposed amended complaint, or that Plaintiffs delayed in amending, had a bad faith motive, or repeatedly failed to cure deficiencies in previous amendments. Defendants only argue that the proposed amendments are futile with respect to Counts II and VI. (D.I. 59 at 2-3).

"A claim is not 'futile' merely because it will be difficult to prove. In other words, the claim must be futile as a matter of law rather than merely unlikely as a matter of fact. The issue involved in a motion to dismiss is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence in support of his claims." *Schwartz v. D/FD Operating Services, L.L.C.*, 205 F.R.D. 166, 167 (D. Del. 2002) (quoting *Microsurgical Sys., Inc. v. Cooper Companies, Inc.*, 797 F. Supp. 333, 336-37 (D. Del. 1992)); *In re PMTS Liquidating Corp.*, 490 B.R. 174, 184 (D. Del. 2013).

"[I]f matters are pleaded consistent with Rules 8 and 9(b) of the Rules of Federal Procedure, the substantive merits of allegations made in either an amended complaint or an amended answer should be tested through a substantive motion (pursuant to, e.g., Rules 12(b)(6) or 56), not a procedural one." *JP Morgan Chase & Co. v. Affiliated Comput. Servs., Inc.*, 2009 WL 540673, at *1 (D. Del. Mar. 4, 2009) (rejecting futility arguments that present substantive disputes of law or fact). Accordingly, "futility arguments generally should be rejected 'if they present substantive disputes, either of the law or of the facts[.]'" *Celgene Corp. v. Cyclacel Pharm., Inc.*, 2013 WL 12147602, at *1 n. 1 (D. Del. Jan. 11, 2013) (quoting *JP Morgan Chase*, 2009 WL 540673, at *1); *see also St. Clair Intellectual Prop. Consultants, Inc. v. Research in Motion, Ltd.*, 2009 WL 1631812, at *1 (D. Del. June 10, 2009).

4

With respect to Count II, Defendants argue that, notwithstanding the proposed allegations, Plaintiffs' claim for aiding and abetting fraud fails to remedy the fatal defects identified by the Magistrate Judge. (D.I. 59 at 5 (citing D.I. 49 (Report and Recommendation) at 10-11)). Defendants' argument is based on their assertion that Plaintiffs failed to allege that Mr. Evans and LLR had actual knowledge of the fraud and substantially assisted in the commission thereof. (D.I. 59 at 5, 8). Plaintiffs respond by arguing that their proposed amended complaint sufficiently alleges that Mr. Evans had knowledge, (D.I. 58-2 at ¶¶ 75, 81), that LLR had knowledge, (*id.* at ¶ 83), and that both LLR and Mr. Evans aided and abetted in Defendants' fraud (*id.* at ¶¶ 66-88). (D.I. 63 at 9-10).

With respect to Count VI, Defendants argue that a tortious interference claim against LLR[1] is improper because the proposed amended complaint fails to allege that LLR acted in bad faith, and the bulk of Plaintiffs' allegations regarding Plaintiffs' tortious interference claim against LLR allegedly occurred prior to the execution of the Asset Purchase Agreement. (D.I. 59 at 13-14). Plaintiffs respond by stating that their proposed amended complaint alleges that LLR acted in bad faith when it effectuated Defendants' fraudulent plan and continued acting in bad faith after the contract was executed. (D.I. 63 at 10-11 (citing D.I. 58-2 at ¶¶ 82-88)).

In light of the above, I cannot conclude at this time that Plaintiffs' proposed amended complaint is futile or fails to state a claim. Since none of the Rule 15 factors support denying Plaintiffs' motion, and because "the pleading philosophy of the Rules counsels in favor of

---

[1] Defendants also argue that a tortious interference claim against Mr. Sternklar and Mr. Evans would be improper, but Plaintiffs have not brought a tortious interference claim against those two Defendants. (*See* D.I. 58-2 at ¶¶ 119-25).

5

liberally permitting amendments to a complaint[,]" *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013), Plaintiffs' motion is granted.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to File Second Amended Complaint (D.I. 58) is GRANTED.

An appropriate order will be entered.